United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ERNESTO ABILA, *Individually and on behalf of all persons similarly situated,* | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION H-15-1238 |
| AMEC FOSTER WHEELER NORTH AMERICA CORP., | § § § | |
| *Defendant.* | § § | |

**ORDER**

Pending before the court is an opposed motion to conditionally certify and send notice to a putative class filed by the plaintiff Ernesto Abila, individually and on behalf of others similarly situated, asserting claims against defendant Amec Foster Wheeler North America, Corp. ("Amec"). Dkt. 11. After reviewing the motion, response, record evidence, and applicable law, the court is of the opinion that Abila's motion for conditional certification should be DENIED.

**I. BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") case involving overtime compensation. Dkt. 1. Amec is a diversified energy services provider that offers a spectrum of services related to the energy industry. Dkt. 12 at 3. Abila worked as an hourly employee in Amec's piping group, which designs plans for piping and initial layout development. Dkt. 12 at 3. Abila alleges that "[a]s a matter of practice, employees such as Mr. Abila, and other similarly situated employees, work in excess of forty hours in a workweek, and those excess hours are not paid at a rate of time and one half their regular rate of pay." Dkt. 1 at 3. Accordingly, Abila seeks conditional certification of a collective action on behalf of the following class of potential opt-in litigants:

> All individuals who are current and former employees of Defendant who performed work similar to Mr. Abila in the United States at any time between May 8, 2013 and the present, and who were not paid time and one half their regular rate of pay for hours worked in excess of forty hours in a workweek (the "FLSA Class").

Dkt. 1 at 3;  Dkt. 11.

On March 16, 2016, Amec filed a response in opposition to Abila's motion for conditional certification.  Dkt. 12.  On April 14, Amec filed a supplemental opposition to Abila's motion in light of the Supreme Court's recent holding in *Tyson Foods v. Bouaphakeo*, 136 S. Ct. 1036  (2016). Dkt. 13, Ex. 1.  Abila has not filed a reply to Amec's responses.

## II. LAW & ANALYSIS

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per week.  29 U.S.C. § 207 (a) (2012). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements.  *Id.* at § 216 (b).  Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* at § 216 (b).  Employees who wish to participate in a § 216(b) collective action must affirmatively "opt-in" to the action by filing a written consent with the court.  *Id.*  The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt-out" of the suit if they do not wish to participate.  *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test.  *Badgett v. Tex. Taco Cabana*, *L.P.*, No. H–05–3624, 2006 WL 2934265,

at *1–2 (S.D. Tex. Oct. 12, 2006). Under the *Lusardi* test, a district court engages in a two-step analysis to determine whether the potential plaintiffs are "similarly situated." *Badgett*, 2006 WL 2934265, at *1.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.* At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *See Mooney v. Aramco Servs*, 54 F.3d 1207, 1213 (5th Cir. 1995). At this stage, the court applies a "fairly lenient standard" because there is often minimal evidence available. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Thus, the notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

After conditional certification is granted, the action proceeds as a representative action. *See id.* The second stage—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

3

A "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (citations omitted). Therefore, while the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. H–07–2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007); *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007)).

In support of his motion for conditional certification, Abila relies solely on his own one-page affidavit. Dkt. 11, Ex. 1. Amec argues that Abila's affidavit (i) fails to establish that a putative class of similarly situated individuals exists; (ii) fails to establish that the putative class members were subject to a similar practice or policy; and (iii) does not show that others are interested in joining the lawsuit. Dkt. 12 at 14–21.

The court agrees that Abila has not satisfied the third prong. At the notice stage, courts generally require a plaintiff to "do more than show the mere existence of other similarly situated

4

persons, because there is no guarantee that those persons will actually seek to join in the lawsuit." *Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009) (Ellison, J.).  As of the date of this order, no plaintiffs have opted-in to this lawsuit.  To support the claim that other aggrieved individuals want to opt-in to the lawsuit, Abila relies on the following statement:  "I observed that other pipeline designers were also paid in a similar manner, including Richard Castillo.  I believe that this act of Defendant was a company-wide scheme to avoid paying overtime wages for its employees and that an evaluation of the timesheets of other pipeline designers would illustrate this fact."  *Id*.  In his affidavit, Abila does not state, or even speculate, that Castillo or anyone else wants to opt-in to this lawsuit.  Therefore, Abila's affidavit does not satisfy the required "minimal showing" that others are interested in joining the lawsuit.  Because Abila has failed to satisfy the third prong, it is unnecessary for the court to decide whether Abila has satisfied the first and second prongs.  Accordingly, the court cannot conditionally certify the class based on the current record.

### III. CONCLUSION

For the foregoing reasons, Abila's motion to conditionally certify a collective action and send notice to the putative class (Dkt. 11) is DENIED.  However, it is denied without prejudice to resubmission if Abila is later able to submit more persuasive information showing that other similarly situated employees want to join the litigation.

Signed at Houston, Texas on May 26, 2016.

Gray H. Miller
United States District Judge

5